# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

| | |
|---|---|
| **WESTON WOODRUFF,** <br><br> Petitioner, <br><br> v. <br><br> **UNITED STATES DEPARTMENT OF TREASURY,** <br><br> Respondent. | **MEMORANDUM DECISION AND ORDER** <br><br> Case No. 2:10-mc-513-TS-PMW <br><br><br> **District Judge Ted Stewart** <br><br> **Magistrate Judge Paul M. Warner** |

District Judge Ted Stewart referred this case to Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(A).[1] Before the court is Weston Woodruff's ("Woodruff") motion/petition to quash an Internal Revenue Service ("IRS") summons.[2]

On May 18, 2010, an IRS Agent issued an IRS Summons (Form 2039) to Woodruff requiring Woodruff to appear at the IRS for testimony and to produce certain documents and records. On June 3, 2010, Woodruff filed the motion before the court to quash that summons. Woodruff asserts that this court has jurisdiction over his challenge to the summons because "[b]oth parties are located within the jurisdiction of this [c]ourt" and, therefore, "it is convenient and proper for this [c]ourt to rule in this matter."[3]

---

[1] *See* docket no. 3.

[2] *See* docket no. 1.

[3] *Id.* at 1.

It is well settled that the Internal Revenue Code does not authorize a summoned party to institute pre-enforcement court proceedings to quash an IRS summons and that federal district courts do not have jurisdiction to hear pre-enforcement challenges to IRS summonses. *See, e.g.*, *Foundation of Human Understanding v. United States*, No. 01-3052-AA, 2001 U.S. Dist. LEXIS 16328, at *1-3 (D. Or. September 6, 2001) (dismissing summoned party's pre-enforcement petition to quash an IRS summons based on lack of authority in the Internal Revenue Code for such a petition); *Gutierrez v. United States*, No. CS-95-599-RHW, 1996 U.S. Dist. LEXIS 18875, at *4-6 (E.D. Wash. July 31, 1996) (dismissing summoned party's pre-enforcement petition to quash an IRS summons because the Internal Revenue Code does not create jurisdiction for such petitions and because "it is firmly established that courts cannot entertain pre-enforcement challenges to [IRS] subpoenas" brought by the summoned party); *Godwin v. United States*, 564 F. Supp. 1209, 1211 (D. Del. 1983) (dismissing summoned party's pre-enforcement petition to quash IRS summonses because the summoned party did not have standing to challenge the summonses). "An [IRS] summons is not judicially enforceable until the [IRS] seeks to enforce a summons pursuant to 26 U.S.C. § 7604(a)." *Gutierrez*, 1996 U.S. Dist. LEXIS 18875, at *5; *see also, e.g.*, *Foundation of Human Understanding*, 2001 U.S. Dist. LEXIS 16328, at *2-3 (concluding that the summoned party could challenge the IRS summons either before the IRS or when the IRS sought enforcement of the summons, but could not bring a pre-enforcement petition to quash the summons).

Based on the foregoing, it is clear that this court does not have jurisdiction over Woodruff's pre-enforcement challenge to the IRS summons issued to him. Therefore, Woodruff's motion/petition to quash the IRS summons[4] is **DENIED**.

**IT IS SO ORDERED**.

DATED this 22nd day of June, 2010.

BY THE COURT:

PAUL M. WARNER
United States Magistrate Judge

---

[4] *See* docket no. 1.